■ MARGARET SURGEARY, as Administratrix of the Estate of ALEXANDRIA SURGEARY, Deceased, Respondent, v DONNA M. LIGHT, Appellant.—In an action to recover damages for wrongful death, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 18, 1989, as denied her cross motion to change the venue of the action from Nassau County to Ulster County, and (2) so much of an order of the same court dated January 5, 1990, as, upon reargument, and upon granting her cross motion for a change of venue to Ulster County (a) granted the plaintiff leave "to bifurcate (pursuant to 22 NYCRR 202.42), the liability and damages phases of the trial and fix the venue for the liability portion of the trial to be held in Ulster County and the damages portion, if necessary,

to be tried in Nassau County", and (b) provided that the Supreme Court, Nassau County would retain "supervisory control over the completion of discovery."

Ordered that the appeal from the order dated July 18, 1989, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 5, 1990, made upon reargument; and it is further,

Ordered that the order dated January 5, 1990, is reversed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

Once venue of the action was transferred to Ulster County, it was an improvident exercise of discretion for the Supreme Court, Nassau County, to grant the plaintiff leave to bifurcate the trial so as to have the liability portion tried in Ulster County and the damages portion tried in Nassau County (see, 22 NYCRR 202.42). Accordingly, we reverse so much of the order as granted the plaintiff leave to seek bifurcation and provided that the Supreme Court, Nassau County, should retain jurisdiction over this action. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.